Filed 8/21/24  Lumbo v. Kelly Services Global CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| ROMEO LUMBO,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>KELLY SERVICES GLOBAL, LLC,<br><br>  Defendant and Appellant. | D082740<br><br><br>(Super. Ct. No. 37-2022-00049230-CU-OE-CTL) |

APPEAL from an order of the Superior Court of San Diego County, Joel R. Wohlfeil, Judge.  Affirmed.

Duane Morris, Shireen Y. Wetmore and Eden E. Anderson for Defendant and Appellant.

Mashiri Law Firm and Alex Asil Mashiri; The Jami Law Firm and Tamim Jami for Plaintiff and Respondent.

Kelly Services Global, LLC appeals from an order denying its motion to compel arbitration of a Private Attorneys General Act of 2004 (Lab. Code, § 2698 et seq.; PAGA) action brought by a former employee, Romeo Lumbo. Kelly moved to compel arbitration of Lumbo's individual PAGA claims pursuant to a written arbitration agreement.  The trial court denied Kelly's

motion because the complaint did not allege any individual PAGA claims and there was nothing to compel to arbitration.

We conclude the trial court erred when it determined Lumbo's complaint did not allege any individual PAGA claims. Nevertheless, we agree with the court that Lumbo's individual PAGA claims were not subject to arbitration, although for a different reason: because those claims were excluded by the parties' arbitration agreement. The agreement's "waiver" provision, which carves out "any form of a . . . representative proceeding," precludes arbitration of Lumbo's individual PAGA claims. Because the parties' agreement to arbitrate does not encompass Lumbo's individual PAGA claims, the court did not err in finding there was nothing to arbitrate. We affirm the trial court's order denying Kelly's motion to compel arbitration.

I.

Kelly is a temporary staffing agency that supplies labor to companies in California. Lumbo is a former nonexempt employee of Kelly. In connection with his employment, Lumbo signed an agreement to arbitrate "all common-law and statutory claims relating to [his] employment." The agreement contained a provision titled, "Waiver of Class and Collective Claims." Under this provision, the parties agreed that "all claims subject to this agreement will be arbitrated only on an individual basis," and they "waive the right to participate in or receive money or any other relief from any class, collective, or representative proceeding." The parties further agreed, "No party may bring a claim on behalf of other individuals, and no arbitrator hearing any claim under this agreement may . . . arbitrate any form of a class, collective, or representative proceeding."

The agreement also has a "Savings Clause & Conformity Clause" that requires provisions that conflict with applicable law to be displaced and, if

2

necessary, severed. The clause states, "If any provision of this Agreement is determined to be . . . in conflict with a mandatory provision of applicable law, it shall be construed to incorporate any mandatory provision." It also provides that "the unenforceable or conflicting provision shall be automatically severed and the remainder of the Agreement shall not be affected." Finally, it states that "if the Waiver of Class and Collective Claims is found to be unenforceable, then any claim brought on a class, collective[,] or representative action basis must be filed in a court of competent jurisdiction, and such court shall be the exclusive forum for such claims."

In 2022, Lumbo filed a complaint against Kelly asserting two PAGA causes of actions based on Labor Code violations. It alleged that Lumbo "is an 'aggrieved employee' because he was employed by [Kelly] and had one or more alleged violations committed against him." It also alleged he and other employees "earned additional nondiscretionary compensation, such as, for example, bonuses." It further alleged Kelly "failed to appropriately factor in additional nondiscretionary payments and compensation . . . for purposes of computing the appropriate rate of pay for sick leave wages." Finally, it alleged Kelly failed to provide Lumbo with his complete payroll and personnel records upon request.

Kelly filed a motion to compel arbitration of Lumbo's individual PAGA claims, and to dismiss or stay Lumbo's non-individual PAGA claims. Kelly based its motion on *Viking River Cruises, Inc. v. Moriana* (2022) 596 U.S. 639 (*Viking*), which established that PAGA claims are divisible into individual and non-individual components, and the individual claims are arbitrable. In response, Lumbo argued the agreement did not cover his individual or non-individual PAGA claims. He also argued the agreement was unconscionable and it contained a wholesale PAGA waiver in violation of *Iskanian v. CLS*

3

*Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348 (*Iskanian*). The trial court denied Kelly's motion, finding Lumbo's complaint "allege[d] *only* a representative action" and concluding "[t]here is nothing to compel to arbitration."

## II.

The parties do not dispute that the trial court erred when it found that Lumbo's complaint did not assert any individual PAGA claims. The court's error is understandable given the lack of "clarity" in PAGA terminology and the evolving case law in this area. (*See Galarsa v. Dolgen California, LLC* (2023) 88 Cal.App.5th 639, 647-648.) Lumbo nevertheless argues that he and Kelly agreed to exclude both his individual and non-individual PAGA claims from arbitration through the waiver provision in the agreement. We agree.

## A.

PAGA "authorizes an employee to bring an action for civil penalties on behalf of the state against his or her employer for Labor Code violations committed against the employee and fellow employees, with most of the proceeds of that litigation going to the state." (*Iskanian*, 59 Cal.4th at p. 360.) "The civil penalties recovered on behalf of the state under the PAGA are distinct from the statutory damages to which employees may be entitled in their individual capacities." (*Id.* at p. 381.) A PAGA action is, therefore, an enforcement action designed to protect the public without benefitting private parties. (*Id.* at p. 387.)

*Iskanian* held that "an arbitration agreement requiring an employee as a condition of employment to give up the right to bring representative PAGA actions in any forum is contrary to public policy." (*Iskanian*, 59 Cal.4th at p. 60.) This is true regardless of whether the waiver is construed broadly—as waiving the right to act as an agent of the state for purposes of PAGA

4

enforcement—or more narrowly—as only waiving the right to pursue non-individual claims. Similarly, an arbitration agreement between the employee and employer provides no basis to arbitrate non-individual PAGA claims "because the state is the owner of the claim and the real party in interest, and the state was not a party to the arbitration agreement." (*Correia v. NB Baker Electric, Inc.* (2019) 32 Cal.App.5th 602, 621-622.) As *Viking* confirms and the parties do not dispute, these aspects of *Iskanian* are not preempted by the FAA and remain good law. (*Viking,* 596 U.S. at 656-659.)

Although *Viking* changed the portion of *Iskanian* that prohibited splitting a PAGA action into individual claims (which were subject to arbitration) and non-individual claims (which could not be arbitrated), it did not change the bedrock principle that both individual and non-individual PAGA claims remain representative in nature. (*Viking,* 596 U.S. at p. 648.) Indeed, *every* PAGA action—individual and/or non-individual PAGA claims—is considered a representative proceeding because it is brought on behalf of the state. (*Ibid.*; *DeMarinis v. Heritage Bank of Commerce* (2023) 98 Cal.App.5th 776, 11 (*DeMarinis*) [concluding every PAGA action is representative, including individual PAGA claims].)

B.

Lumbo's complaint alleged he was an "aggrieved employee" and that Kelly committed "one or more . . . alleged violations" against him. It stated he earned "additional nondiscretionary" compensation that Kelly failed to "appropriately factor" into his sick leave wages. It also alleged he requested his complete payroll and personnel records, which Kelly failed to provide. Due to these alleged violations, he sought to recover civil penalties, attorneys' fees, and costs. Lumbo's complaint thus alleged individual PAGA claims and the trial court erred in finding otherwise.

C.

The waiver provision here excludes from arbitration "any form of a . . . representative proceeding." The phrase is broad and unambiguous and does not contain any qualifying language to narrow its scope. "The fundamental canon of interpreting written instruments is the ascertainment of the intent of the parties." (*Ticor Title Ins. Co. v. Rancho Santa Fe Assn.* (1986) 177 Cal.App.3d 726, 730.) The parties "are free to define the scope of arbitration as narrowly or broadly as they choose." (*FCM Investments, LLC v. Grove Pham, LLC* (2023) 96 Cal.App.5th 545, 459.)

The parties could have used qualifying language to narrowly define the phrase "representative proceeding." For example, in *Gregg v. Uber Technologies, Inc.* (2023) 89 Cal.App.5th 786, the arbitration agreement narrowly defined "representative action" by qualifying the phrase as "'representative action on behalf of others under [PAGA].'" (*Id.* at p. 798.) The agreement also stated that "'for any claim brought on a private attorney general basis—i.e. where [you are] seeking to pursue a claim on behalf of a government entity—both [you] and [Uber] agree that any such dispute shall be resolved in arbitration on an individual basis only.'" (*Id.* at p. 797.) Given the parties agreement to narrowly define "representative action," the court rejected the employee's argument that the phrase also included individual PAGA claims. (*Id.* at p. 800.) Similarly, in *Seifu v. Lyft, Inc.* (2023) 89 Cal.App.5th 1129, the arbitration agreement narrowly defined "representative action" by qualifying it as "representative action on behalf of others under [PAGA]." (*Id.* at p. 1135.) The agreement included language stating "for any claim brought on a private attorney general basis, including under the California PAGA, both you and Lyft agree that any such dispute shall be resolved in arbitration on an individual basis only." (*Ibid.*) The

court concluded that, given the context, "representative" was intended to exclude individual PAGA claims. (*Id*. at p. 1139.)

Here, by contrast, there is no such language limiting the type of representative proceeding excluded from arbitration. Because every PAGA action—whether pursuing individual and/or non-individual claims—is a type of representative proceeding brought on behalf of the state, (*DeMarinis*, 98 Cal.App.5th at p. 11), Lumbo's claims—both individual and non-individual—are excluded from arbitration.

Our conclusion is consistent with other cases interpreting similar contract language. Indeed, the language of the waiver provision and the "Savings Clause & Conformity Clause" is nearly identical to the same provisions in *Westmoreland v. Kindercare Education LLC* (2023) 90 Cal.App.5th 967, 971-972, where the court held that both the so-called "individual" and "nonindividual" portions of the PAGA claim had to be litigated in court. Although the "Savings Clause & Conformity Clause" here generally allows invalid provisions to be separated, it contains an explicit exception for the waiver provision. It provides that if the waiver provision is unenforceable, then any representative claims "must be filed in a court of competent jurisdiction, and such court shall be the exclusive forum for such claims." As in *Westmoreland,* this agreement precludes litigation of the "individual" portion of a PAGA claim in one forum (arbitration) and the "nonindividual" portions in another forum (court). (See also *DeMarinis*, 98 Cal.App.5th at p. 790.) The "poison pill" provision in *Westmoreland* does not change the outcome because, as Lumbo asserted at oral argument, the agreement here contains a "partial poison pill" provision that was triggered by the PAGA claim.

To support its argument that a "representative proceeding" includes only non-individual PAGA claims, Kelly cites, among other cases, *Piplack v. In-N-Out Burgers* (2023) 88 Cal.App.5th 1281 (*Piplack*). But *Piplack* involved the interpretation of unique language that is not found here. There, the arbitration agreement included a wholesale waiver precluding any "private attorney general action." It also included a severability clause stating that the "'Private Attorney General Waiver . . . shall be severable in any case in which the dispute is filed as an individual action and severance is necessary to ensure that the individual action proceeds in arbitration.'" (*Id.* at p. 1285.) The court concluded that because plaintiff's PAGA action is both for individual and non-individual PAGA claims, it triggered the severability clause, mandating the individual claim be arbitrated. (*Id.* at pp. 1288-1289.)

Kelly also cited additional nonbinding cases, including federal district court orders, and asked us to take judicial notice of two unpublished superior court decisions, *Fischer v. Kelly Services Global, LLC* (June 15, 2023, No. 30-2023-01304927-CU-OE-CXC [nonpub. opn.]) and *Figueroa v. Beckman Coulter, Inc.* (May 5, 2023, No. 34-2022-00323923-CU-OE-GDS [nonpub. opn.]) (See Evid. Code, §§ 451(a) and 452(d); *Sosinsky v. Grant* (1992) 6 Cal.App.4th 1548, 1564.) We decline Kelly's request. (See e.g., *City of Bakersfield v. West Park Home Owners Assn. & Friends* (2016) 4 Cal.App.5th 1199, 1210 [denying request for judicial notice]; *Bolanos v. Superior Court* (2008) 169 Cal.App.4th 744, 761 [same].)

We conclude that Lumbo's individual PAGA claims fall within the scope of the phrase "any form of a . . . representative proceeding" and are therefore categorically excluded from arbitration. Thus, his individual PAGA claims cannot be compelled to arbitration. (*United Steelworkers of America v. Warrior & Gulf Navigation Co.* (1960) 363 U.S. 574, 582 ["arbitration is a

matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit."].) Given our conclusion, we do not reach Kelly's other arguments on appeal.

## III.

We affirm the trial court's order denying Kelly's motion to compel arbitration. Lumbo is entitled to his costs on appeal.

CASTILLO, J.

WE CONCUR:

DATO, Acting P. J.

BUCHANAN, J.